Per Curiam :
This court, in a decision dated April 7, 1961, 153 Ct. Cl. 1, 288 F. 2d 489, cert. denied 369 U.S. 818 (1962), found that plaintiff is entitled to compensation for the carriage of empty air mail sacks being returned by the United States to countries of origin of such sacks. We said in that decision “[djefendant admits plaintiff is entitled to compensation for the carriage of these sacks, but it does not state to us how it thinks it ought to be computed. Since plaintiff *600 bad a published tariff for the carriage of empty mail sacks, it would appear it is entitled to be compensated on the basis of this tariff.” 153 Ct. Cl. 1, 9; 288 F. 2d 489, 492. Accordingly, the case was remanded to the Commissioner for a determination of the amount due based on the tariff.
A trial was held which resulted in a report by the Commissioner to the effect that a reasonable conclusion is that each of plaintinff’s ships carrying mail outbound from the United States carried at least one empty air mail sack. The report further discloses that the evidence is inconclusive as to the carriage northbound to the United States of air mail sacks by the plaintiff’s ships. Consequently, on the basis of the application of the plaintiff’s minimum charges for southbound carriage provided in the tariffs, where the plaintiff’s ships carried at least one air mail sack with each shipment of mail carried during the periods in question, the Commissioner found that plaintiff is entitled to recover the sum of $35,196.43.
The difficulty which now arises is that the published tariffs carry a minimum charge based on the expenses of the necessary paper work involved in a bill of lading, which had to be prepared by the carrier. It now develops that there were no bills of lading prepared by plaintiff. Instead, there was only a way bill, prepared by the Post Office Department. Thus it becomes apparent that a recovery based on the expense of preparing bills of lading would lead to an inequitable result.
On the other hand, defendant admits that plaintiff is entitled to be paid for the carriage of such sacks and a denial of recovery would not be fair to it because of lack of evidence. We say this because no facts were available to plaintiff. Any records kept by the Government have been destroyed. Each sack containing empty air mail sacks was sealed and under no circumstances could the plaintiff examine the contents to determine the quantity of empty sacks. In other words, as found by the Commissioner, we assume there was at least one but do not know if there were more.
There was also in existence a tariff in effect for the carriage of freight. However, it only applied to northbound *601 movements and these were southbound carriages. We know of no reason why it would cost more or less depending on direction of movement, but again we have no knowledge of quantity or weight. Nor does the freight tariff apply to all ports visited by plaintiff in this carriage. Incidentally, the freight tariff also provides a minimum charge (finding 14). We further think that a charge based on this tariff would be much too speculative.
Consequently, as a result of all that has transpired, we think in all fairness the court should adopt a middle ground, and based on this we think plaintiff is entitled to recover the sum of $15,000.

Cartage expense calculated for 1-bag unit contract price.

Cartage expense calculated for 1-bag unit contract price.

Cartage expense calculated for 1-bag unit contract rate.